UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES K. WARD, et al.,<br>Defendants. | No. 2:23-cv-01445-DJC-CKD<br><br>ORDER |

In this case, the United States seeks to reduce to judgment James K. Ward and Carol J. Ward's tax liabilities for the years 2007–2013 and 2015–2017. The sole remaining dispute is whether the United States timely filed suit with respect to the Wards' 2007 tax assessments. The answer to that question turns on the date on which the Wards' request for an installment agreement no longer qualified as "pending," a status that tolls the applicable statute of limitations. Because the Court finds the agreement was rejected on August 19, 2020, and thus the statute of limitations was tolled until that date, the United States timely sued to reduce the 2007 tax assessments to judgment. Accordingly, the Court grants summary judgment in the United States' favor.

////

## BACKGROUND

The Internal Revenue Service ("IRS") has assessed that Defendants James K. Ward and Carol J. Ward owe $1,135,064.13 for unpaid taxes.[1] (Response to Statement of Undisputed Facts ("RSUF") (ECF No. 34-2) ¶ 17.) Over the course of the last 25 years, the Wards have attempted to resolve their tax liabilities by submitting several offers-in-compromise and installment-agreement requests to the IRS. (*Id.* ¶¶ 18–46.)

As relevant to this dispute, the Wards submitted a request for an installment agreement to the IRS on April 8, 2020. (*Id.* ¶ 46.) An installment agreement is "an agreement between the taxpayer and the IRS that permits the taxpayer to pay the tax liability over time in installments." (Mot. (ECF No. 33-1) at 3.) Under the proposed agreement, the Wards would have paid $2,500 to the IRS each month. (Opp'n (ECF No. 34-1) at 3.) The Wards had previously also requested a collection due process ("CDP") hearing for tax year 2016. (Response to Statement of Additional Disputed Facts ("RSADF") (ECF No. 35-1) ¶ 2; Mot. at 2.)

Appeals Officer ("AO") Steve Lerner provided the Wards a copy of a memorandum by Revenue Officer David Barbearo analyzing the Wards' financial information in May 2020. (RSADF ¶ 4.) The memorandum states that the proposed installment agreement "lacks economic reality and should be denied." (Carlson Decl. (ECF No. 34-4), Ex. B at 6.)

On June 1, 2020, AO Lerner called a representative of the Wards' and communicated "that either he would not recommend acceptance of the installment agreement request or that it would not be accepted by the IRS." (*Id.* ¶ 5.) Though the parties stipulate that this conversation took place on this day, they do not stipulate as to precisely what was said or the legal effect of those words. (*See id.* ¶ 6.) The IRS

////

[1] Unless otherwise stated, the facts described in this section are undisputed by the parties.

treated the proposed installment agreement as pending until August 19, 2020. (*Id.* ¶ 7.)

In November 2020, The IRS mailed the Wards a "Notice of Determination," which summarized the "matters" the Appeals Team considered at the Wards' CDP hearing. (*See* Carlson Decl., Ex. C at 3.) This notice also stated that the "Appeals Settlement Officer sustains . . . rejection of $2,500 per month partial pay installment agreement proposal." (*Id.* at 4.)

The United States sued to reduce the Wards' tax liabilities for 2007–2013 and 2015–2017 to judgment on July 20, 2023. (*See* ECF 1.) The United States now seeks summary judgment (ECF No. 33), which the Wards oppose only with respect to their 2007 tax assessments. (Opp'n at 1.) The Wards argue the United States filed suit too late to collect the Wards' tax liability for 2007 because the statute of limitations had already run out by July 2023. Though the parties agree the 2020 request for an installment agreement temporarily paused the statute of limitations, they dispute when the clock began to run again, which determines the deadline for the United States to file suit. If, as the Wards assert, the June 2020 phone call rejected the installment agreement, the United States filed suit too late as the statute of limitations had already run. However, the United States asserts the installment agreement was not rejected until two months later, leaving the statute of limitations paused during that time and rendering their suit timely. Based on this dispute, the Wards also filed a cross-motion for summary judgment. (ECF No. 34.) Both motions are fully briefed. (Mot. (ECF No. 33-1); Opp'n (ECF No. 34-1); Reply (ECF No. 35).) The Court heard argument on both motions on May 7, 2026. Connor Pestovich appeared for Plaintiff and Matthew Carlson appeared for Defendants. Both motions were taken under submission. (ECF No. 42.)

## LEGAL STANDARD

Summary judgment may be granted when the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c). The principal purpose of summary judgment is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Therefore, the "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986).

However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. A "material" fact is relevant to an element of a claim or defense that may affect the outcome of the case. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.*

In a summary judgment motion, the moving party must inform the court of the basis for the motion and identify the portion of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the burden then shifts to the opposing party, who must establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). To meet their burden, parties must either cite materials in the record supporting their position or show that the materials cited do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

For the opposing party to succeed and avoid summary judgment, they "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, the opposing party must produce enough evidence to show that, based on this evidence, a reasonable trier of fact could find in the opposing party's favor. *T.W.*, 809 F.2d at 631. In other words, for the moving party to succeed, the court must conclude that no rational trier of fact could find for the opposing party. *Matsushita*, 475 U.S. at 587. However, so as not to usurp the role

of the jury, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." *Liberty Lobby*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587–88. Therefore, the court draws all reasonable inferences and views all evidence in the light most favorable to the opposing party. *Id.*

## DISCUSSION

### I. Reduction of Federal Tax Assessments to Judgment

This Court has the power to render judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). "In an action to collect taxes, the government bears the initial burden of proof." *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004) (quotation omitted). The Government may satisfy this burden by presenting the Court with federal tax assessments. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). Deficiency determinations and assessments for unpaid taxes are "presumed correct, so long as they are supported by minimal factual foundation." *Olshan*, 356 F.3d at 1084 (quotation omitted); *see also United States v. Weldon*, No. 21-15311, 2022 WL 2340807, at *1 (9th Cir. June 29, 2022). "Once the government produces the proper 4340 forms, the burden shifts to the taxpayer who must establish by a preponderance of the evidence that the 4340 forms are incorrect." *Rocha v. United States*, 200 F. Supp. 2d 1236, 1241 (D. Or. 2002); *Curtis v. Comm'r*, 73 F. App'x 200, 202 (9th Cir. 2003) (providing that "a taxpayer may rebut the presumption of correctness by showing by a preponderance of the evidence that the deficiency is incorrect or was arbitrarily derived"). "If the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law." *United States v. Vacante*, 717 F. Supp. 2d 992, 1004 (E.D. Cal. 2010) (citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993)). "A showing by the taxpayer that a determination is arbitrary, excessive or without foundation shifts the burden of proof back to the IRS." *Palmer v. U.S. Internal Revenue Serv.*, 116 F.3d 1309, 1312 (9th Cir. 1997). Once "a taxpayer has overcome the

presumption by competent and relevant evidence, the presumption disappears and drops out of the case" such that "the burden of proving the deficiency reverts to the government." *Keogh v. Comm'r*, 713 F.2d 496, 501 (9th Cir. 1983).

The Collection Statute Expiration Date ("CSED") generally requires the United States to collect the taxes it assesses within ten years. 26 U.S.C. § 6502(a)(1). However, this time limit is tolled under certain circumstances. As relevant here, this limit is tolled for any period during which the IRS may not assess or collect taxes against an individual. 26 U.S.C. § 6503(a)(1). As the IRS may not levy an individual's assets while either an offer-in-compromise or an installment agreement is "pending" before the IRS, the CSED is tolled during this period. 26 U.S.C. § 6331(k)(1), (2).

**A. Undisputed Tax Assessments**

The United States is entitled to summary judgment with respect to the Wards' tax liabilities for 2008–2013 and 2015–2017. In support of its Motion for Summary Judgment, the United States submits Form 4340s calculating the Wards' tax liabilities and penalties for these years. (*See* ECF No. 33-4–33-12.) "Certificates of Assessments and Payments ('Form 4340s') are highly probative and in the absence of contrary evidence, are sufficient to establish a tax assessment was properly made and notice and demand for payment were sent." *Vacante*, 717 F. Supp. 2d at 1004 (citing *Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993)); *see also Palmer*, 116 F.3d at 1312 (explaining that "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation").

The Wards do not dispute that the United States timely brought suit to reduce these liabilities to judgment nor that the assessments accurately reflect their tax liabilities. (*See* Opp'n at 1, 11; *see also* Reply at 1.) The Wards therefore do not attempt to rebut the presumption that the Form 4340s are accurate, and United States is entitled to summary judgment on these tax liabilities.

////

////

**B. Disputed Tax Assessments**

The parties solely dispute whether the United States sued to reduce the 2007 tax assessments to judgment before the CSED. The answer to this question turns on the exact date on which the 2020 installment agreement request no longer qualified as "pending" before the IRS. "A proposed installment agreement becomes pending when it is accepted for processing" and "remains pending until the IRS accepts the proposal, the IRS notifies the taxpayer that the proposal has been rejected, or the proposal is withdrawn by the taxpayer." 26 C.F.R. § 301.6159–1(b)(2).

If, as the United States argues, this request was pending before the IRS until August 19, 2020, the CSED was tolled until 30 days after that date, and the United States timely brought this action. *See* 26 U.S.C. § 6331(k)(2) (providing that the IRS may not levy while an installment agreement is pending and for 30 days thereafter); 26 U.S.C. § 6503(a)(1) (providing that the period of limitations is suspended for a period during which the IRS is prohibited from levying). However, the Wards argue the June 1, 2020, phone call rejected the request such that the limitations period began to run 30 days after that date, and the United States did not timely file suit.

The United States has satisfied its initial burden of proof by supplying the Form 4340 for this year. (*See* ECF No. 33-3.) The dates this form lists for when the installment agreement was pending are presumed correct. *See Ohlinger v. United States*, No. 2:18-cv-04185-PHX-DJH, 2020 WL 7412220, at *8 (D. Ariz. Oct. 30, 2020), *aff'd*, No. 20-17443, 2022 WL 883746 (9th Cir. Mar. 24, 2022) (explaining that because a Form 4340 is "entitled to a presumption of correctness . . . the Court looks to Form 4340 to determine the operative dates that an offer-in-compromise was pending"). The Form 4340 for 2007 lists August 19, 2020, next to the statement, "REQUEST FOR INSTALLMENT AGREEMENT NO LONGER PENDING." (ECF No. 33-3 at 7 (emphasis in original).) As this information is entitled to a presumption of correctness, the burden shifts back to the Wards, who then bear the burden of showing by a preponderance of admissible evidence that this date is incorrect.

*Olshan*, 356 F.3d at 1084; *see also Ohlinger*, 2020 WL 7412220, at *8 (providing that this presumption applies unless the taxpayer can supply "admissible evidence to the contrary").

The Wards do not supply sufficient evidence to meet this standard. The Wards first argue this presumption is rebutted by the evidence that AO Lerner rejected the proposed installment agreement during the June 1, 2020, phone call. (Opp'n at 9.) A proposed installment agreement remains pending until "the IRS notifies the taxpayer that the proposal has been rejected," 26 C.F.R. § 301.6159–1(b)(2), which does not occur "until the IRS notifies the taxpayer or the taxpayer's representative of the rejection, the reason(s) for rejection, and the right to an appeal" *id.* § 301.6159–1(d)(1). The Wards assert AO Lerner provided all this required information during this phone call. (Opp'n at 9.) In support of this argument, the Wards offer the notes AO Lerner took in the IRS database on the phone call. By saying, "I would not recommend acceptance of the $2.5k/mo PPIA[2] proposal because I agree with ATAT RO's analysis," and "I will not recommend PPIA acceptance," the Wards contend AO Lerner informed them of the rejection and the reasons for it.[3] (Opp'n at 8 (quoting Carlson Decl., Ex. C at 10).) However, AO Lerner appears to assert that he *would* reject the proposed installment agreement in the future, not that he did so in this phone call. This statement does not amount to a rejection of the installment agreement.

In support of their motion, the Wards also assert, "There is no evidence that the IRS provided any other written communication regarding the rejection of the

---

[2] "PPIA" stands for "partial payment installment agreement." (Opp'n at 8 n.5.)

[3] The parties dispute whether the Wards had a right to appeal of which a rejection notice should have informed them. (Opp'n at 9; Reply at 6 n.2.) However, this dispute is immaterial as, under either view, AO Lerner provided the required notice. In the Wards' view, they "had no further appeal rights for the non-CDP years," so the IRS need not have informed they of their appeal rights to comply with 26 C.F.R. § 301.6159–1(d)(1). (Opp'n at 9.) According to the United States, the "the Wards did have an opportunity for further judicial review of the 2020 IA Request as it related to non-CDP years like 2007." (Reply at 6 n.2.) However, if the United States is correct, AO Lerner likely did inform the Wards of their appeal rights by stating, "I can sustain NFTL & reject the 2.5k/mo PPIA proposal, in which case Appeals would send taxpayers a CDP Notice of Determination, after which taxpayers would have the right to petition tax court." (Carlson Decl., Ex. C at 10.)

proposed installment agreement that mentions any of the non-CDP years." (Opp'n at 4–5.) Though the absence of a record of the IRS communicating the rejection to the Wards in August is relevant, simply noting the absence of evidence does not meet the Wards' burden of establishing that the Form 4340 is incorrect. Thus, the Wards have failed to rebut the presumption of correctness to which the Form 4340 is entitled.

Accordingly, the Court finds the installment agreement no longer qualified as pending as of August 19, 2020, the CSED was tolled until 30 days after that date, and the United States timely filed suit.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 33) is GRANTED and Defendants' Motion for Summary Judgement (ECF No. 34) is DENIED. The parties are ordered to file a joint status report within fourteen days identifying if there are any outstanding issues to be resolved prior to the Court entering judgment in favor of the United States.

IT IS SO ORDERED.

Dated: **September 29, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Ward23cv01445.msj